IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01883-PAB-KLM

SEA-ALIS, LLC, and
SCOTT HAND,

    Plaintiff,

v.

PORTER, INC., an Indiana corporation,
GRANDER, INC., d/b/a CROW'S NEST YACHTS, a California corporation,
VOLVO OF THE AMERICAS, a Delaware corporation, and
RAYMARINE, INC., a Delaware corporation,

    Defendant.

_____

**ORDER DENYING MOTION FOR SANCTIONS**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiffs' Motion for Sanctions Against Defendant Volvo of the Americas for Civil Trespass and Unauthorized Inspection in Violation of F.R.C.P. 34** [Docket No. 49; Filed March 16, 2010] (the "Motion").

As a preliminary matter, the Court notes that the Motion violates D.C.COLO.LCivR 10.1E. While the Motion is subject to denial on this basis alone, the Court elects to consider the Motion on its merits. Plaintiffs' counsel is cautioned that any future filings that fail to comply with the Local Rules will be summarily stricken.

Plaintiffs seek sanctions against Defendant Volvo for what they describe as an "unauthorized inspection" or "civil trespass" by Defendant Volvo of the yacht that is the subject of this litigation. *Motion* [#49] at 1. Specifically, the parties agreed to a time and date when they would jointly inspect the yacht. *Id.* at 2. Prior to that time, however,

Defendant Volvo's representative boarded the yacht and attempt to start its engines. *Id.* One of the engines would not start, and the representative estimated that it would cost between $2000 and $3000 to repair. *Id.* Defendant Volvo acknowledges that it "had not intended that its representative would enter onto the boat and attempt to start the engines." *Response* [#55] at 2. In addition, Defendant Volvo attempted to make several concessions to allay any concerns Plaintiffs had following the entry. While Plaintiffs accepted the concession of deposing Defendant Volvo's representative at Volvo's expense, they assert that Court-imposed sanctions are also necessary. *Reply* [#59] at 2.

In addition to seeking sanctions, Plaintiffs request extensions of several discovery-related deadlines and permission to amend their Complaint to include a tort claim for civil trespass. As a preliminary matter, the Court notes that Plaintiffs want the Court to both find that Defendant Volvo committed a civil trespass <u>and</u> allow Plaintiff to add the claim of civil trespass to their Complaint. To the extent that Plaintiffs would like to pursue a claim for civil trespass, it would be inappropriate for the Court to pass judgment on whether such occurred in relation to the present Motion. Furthermore, a request to amend or supplement a complaint must be accompanied by a proposed amended pleading which contains the claim to be added and the factual and legal basis for the amendment. *See, e.g.*, *Smith v. Nichols*, No. 09-cv-01139, 2010 WL 1571218, at *1 (D. Colo. Apr. 20, 2010) (unpublished decision) (citing *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007)). Accordingly, the issue of amendment is not properly before the Court on Plaintiffs' Motion. To the extent that Plaintiffs seek permission to amend or supplement their Complaint, they may file a motion with a proposed amended pleading which satisfies the requirements of the Federal Rules of Civil Procedure and Local Rules 7.1 and 10. Given that the deadline for

amendment of pleadings expired on November 20, 2009, any motion to amend or supplement must also be accompanied by a statement of good cause to extend the pleading amendment deadline pursuant to Fed. R. Civ. P. 16(b)(4).

In addition, because it would be inappropriate for me to pass judgment on the merits of a potential claim that Plaintiffs may seek to assert against Defendant Volvo, I do not consider whether Defendant Volvo's conduct rises to the level of a civil trespass as a justification for any sanction. Accordingly, the Court limits the analysis to whether Defendant Volvo has committed any discovery violation pursuant to my prior Order or the Federal Rules.

IT IS HEREBY **ORDERED** that the Motion is **DENIED to the extent that it requests sanctions**. Considering the facts as alleged by Plaintiffs as well as the admission by Defendant Volvo that "its representative's good faith mission (to confirm that the boat was ready for the sea trial) evolved beyond what had been intended," I do not find that sanctions are warranted at this time. I agree with Defendant Volvo that the request for sanctions is premature, at least to the extent that Plaintiffs seek an order that impacts evidence introduced at trial and an order that requires Defendant Volvo to compensate Plaintiffs for the cost of engine repair. Furthermore, there is no evidence of spoliation or harm. *See generally Burlington N. & Santa Fe R.R. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007) (noting that spoliation occurs where a party with a duty to maintain the evidence destroys it to the detriment of the adverse party). Until the deposition of Defendant Volvo's representative occurs or more evidence is gathered, Plaintiffs have nothing more than an unfounded suspicion that Defendant Volvo harmed the yacht or impacted Plaintiffs' trial

position.

In addition, I do not find that Defendant Volvo's conduct violated a prior Order such as to support entry of a contempt citation. Although the Scheduling Order requires the "parties . . . to cooperate in scheduling a sea trial," there is nothing in the subject Order that prohibits a party from entering the yacht unaccompanied by the other parties. *See Scheduling Order* [#33] at 16.

IT IS FURTHER **ORDERED** that the Motion is **GRANTED to the extent that it requests amendment of the Scheduling Order**. The provisions of the Scheduling Order are amended as follows:

- **Expert Disclosure Deadline**           **June 1, 2010**
- **Rebuttal Expert Disclosure Deadline**  **July 1, 2010**
- **Discovery Deadline**                    **August 2, 2010**
- **Dispositive Motions Deadline**          **August 16, 2010**

In addition, the Court notes that the parties have agreed to depose Defendant Volvo's representative about his inspection of the yacht. **This deposition shall not count against the number of depositions allotted to Plaintiffs.** The Court also notes that Defendant Volvo has agreed to bear the costs of this deposition, with the exception of the cost of transporting or paying for Plaintiffs' expert. Other than expecting Defendant Volvo to abide by its offer regarding the deposition, the Court imposes no additional requirements on Defendant. To the extent that a dispute arises regarding the deposition, the parties are directed to contact Chambers at **(303) 335-2270** to resolve it.

IT IS FURTHER **ORDERED** that each party shall bear their own costs associated with litigating the Motion.

Dated: May 6, 2010

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge