IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-01883-PAB-KLM

SEA-ALIS, LLC, and
SCOTT HAND,

    Plaintiffs,

v.

GRANDER, INC., d/b/a CROW'S NEST YACHTS, a California Corporation, and
VOLVO OF THE AMERICAS, INC., a Delaware Corporation,

    Defendants.

## ORDER

    This matter is before the Court on the opposition of defendant Volvo of the Americas, Inc. ("Volvo") to the transfer of this case to the United States District Court for the Southern District of California [Docket No. 102][1]. The Court previously found that it lacked subject matter jurisdiction over defendant Grander, Inc., d/b/a Crow's Nest Yachts ("Crow's Nest") and considered transferring this case to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1631. *See* Docket No. 95. The Court therefore ordered the remaining defendants other than Crow's Nest to file briefs discussing whether the Court should transfer the entire action. Volvo argues in its brief that it is not appropriate to transfer the entire action to

---

[1] Defendant Porter, Inc. also filed a similar brief. *See* Docket No. 101. However, since this filing, defendant Porter, Inc. has been dismissed from the action. *See* Docket No. 121.

California; rather, the Court should sever plaintiffs' claims against Crow's Nest and transfer only those claims.

The Court agrees with Volvo that it best serves the interests of justice to sever plaintiffs' claims against Crow's Nest, transfer only those claims, and retain plaintiffs' claims against Volvo.  Volvo is correct that, in the interests of justice, a district court may sever the claims against a party over which it does not have personal jurisdiction and transfer those claims under 28 U.S.C. § 1631.  *See Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006).  Moreover, Federal Rule of Civil Procedure 21 allows the Court to "sever any claim against a party" *sua sponte*.  See Fed. R. Civ. P. 21.  The Court agrees that plaintiffs' claims against Volvo have so progressed that transferring them to another jurisdiction at such a late point would not serve the interests of justice.  Therefore, the Court will only transfer plaintiffs' claims against Crow's Nest to the United States District Court for the Southern District of California.  Accordingly, it is

**ORDERED** that plaintiffs' claims against Crow's Nest are severed pursuant to Fed. R. Civ. P. 21 and transferred to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1631.  The following claims in plaintiffs' Complaint [Docket No. 1] shall be transferred: (1) Plaintiffs' first claim for Breach of Express Warranty – "Thunderbird Limited Warranty" under the Magnuson-Moss Warranty Act against Crow's Nest; (2) Plaintiffs' third claim for Breach of Express Warranty – "Formula Guard Extended Protection Plan" under the Magnuson-Moss Warranty Act against Crow's Nest; (3) Plaintiffs' fourth claim for Breach of Implied Warranties under the  Magnuson-Moss Warranty Act against Crow's Nest; (4) Plaintiffs'

fifth claim for Breach of Contract against Crow's Nest; (5) Plaintiffs' sixth claim for unjust enrichment against Crow's Nest. It is further

**ORDERED** that plaintiffs' claims against Volvo of the Americas, Inc. shall remain pending as a separate action in this Court.

DATED April 26, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge